IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL D. BOYAN, | ) | |
| | ) | 8:06CV245 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PROTECTIVE ORDER |
| | ) | |
| COVENTRY HEALTHCARE OF NEBRASKA, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

    WHEREAS, discovery in the above-captioned action has and may continue to involve the production of documents and information which the parties claim to be confidential and the parties desire to pursue discovery with a minimum of delay and expense.

    **IT IS HEREBY AGREED AND ORDERED:**

    1.    When used in this Order, the word "documents" means all written, recorded or graphic matter whatsoever including, but not limited to documents produced by the producing party to this action.

    2.    The parties have or will serve discovery requests ("Discovery Requests") that seek certain Confidential Documents that are considered proprietary, confidential, and/or confidential patient information by the parties which produced them ("Confidential Documents"). Subject to the terms of this Protective Order, the parties will produce, pursuant to the Discovery Requests, the Confidential Documents. The parties have a good faith belief that the Confidential Documents are entitled to confidentiality pursuant to Fed. R. Civ. P. 26 because public disclosure of the Confidential Documents sought by the Discovery Requests would harm the parties' interests as well as the interests of third-parties.

    3.    In connection with discovery proceedings in this action, the parties may designate any document, thing, material testimony, or other information derived therefrom, as "CONFIDENTIAL" under the terms of this Protective Order. "CONFIDENTIAL" information is information that has not been made public that concerns or relates to the trade secrets and/or proprietary financial information and internal policies of the parties, as well as the individually identifiable health information of patients which is protected by state and federal law, the disclosure of which information (a) may have the effect of causing harm to the competitive or financial position of a party, or (b) would violate an obligation of confidentiality to a third party, including a court, or (c) would disclose individually identifiable health information.

4. Confidential Documents shall bear Bates labeling and be delineated with the words "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL" or some variation thereof.  To the extent a document is or has been produced without such label, the parties may designate such document as Confidential by letter to opposing counsel requesting such designation.

5. No Confidential Documents, nor any portion or summary thereof, shall be given, shown, disclosed or communicated by Plaintiff in any way to any person or entity other than:

    a. Counsel in this action and their employees;
    b. All witnesses and potential witnesses, including but not limited to deponents, experts, consultants, as well as the Court, jurors, court reporters, and associate clerical employees and legal assistants ("Court Personnel"), provided that any person to whom Confidential Documents are disclosed have a need to know the contents of the Confidential Documents;
    c. the parties; and
    d. outside consultants and experts consulted or retained for the purpose of testifying or assisting in the preparation for the conduct of this litigation.

6. With the exception of the Court or Court personnel, before disclosure of any Confidential Document is made to any person described in paragraph 5(b) or (d) above, the person to whom disclosure is made shall be given a copy of this Order and shall agree in writing to be bound by the terms of this Order.  Counsel for each disclosing party shall maintain a file of such written agreements until this action is completed.

7. No person to whom a document or information designated confidential pursuant to this Order is furnished or disclosed shall copy or otherwise use the document or information for any purpose whatsoever, except in connection with pre-trial proceedings, preparation for trial, or other proceedings associated with this litigation.

8. Any party or attorney for a party furnishing documents or disclosing information in compliance with the terms of this Order shall not waive the confidentiality thereof.

9. Any document designated as Confidential may be used to examine or cross-examine any witness at any hearing, deposition, or trial in this action.  However, to the extent that any other person (with the exception of the Court, Court Personnel or jurors)

is present at such hearing, deposition, trial, or other legal proceeding and is not a person to whom the designated confidential document or information may be disclosed, and subject to any agreement or Court order otherwise, there shall be no disclosure of the designated confidential information or document unless and until all such persons are excluded from the proceeding during the disclosure or use of the material.  Every court reporter taking any testimony relating to designated confidential documents or information shall be informed of and provided with a copy of this Order and shall adhere to the provision hereof.

      10.   Should a document designated "Confidential" pursuant to this Order be utilized in connection with any document filed with the Court, or be utilized at any deposition, hearing or trial, or should information governed by this Order be disclosed in an affidavit, discovery answer or in connection with any document filed with the Court, or in the transcript of any deposition, hearing or trial, the exhibit, affidavit, discovery answer, or other document or transcript filed with the Court must be filed in a sealed envelope or other sealed container marked with the title of litigation, identifying each enclosed document and thing and bear a statement precisely in the following form:

"CONFIDENTIAL"

> "By Order of the U.S. District Court, District of Nebraska, dated
> _____, 2006, this envelope is not to be opened, and its
> contents are not to be displayed or revealed to any person,
> other than the presiding Judge, the parties or their attorneys,
> in this matter."

Transcripts of the depositions covered by this Order shall be filed under seal in the manner described above.

      11.   At the conclusion of all proceedings in this litigation, all documents governed by the terms of this Order (and all copies of such documents) shall be returned from any person in possession thereof, to the producing party or destroyed, at the producing party's option.  The obligations of this Order shall not terminate upon the conclusion of this action, but shall continue until further reorder of this court or until the producing party claiming confidentiality has waived the same in writing.

      12.   This Protective Order shall be without prejudice to the right of any of the parties of this action (i) to bring before this Court at any time the question of whether any particular information is or is not relevant to any issue of this case or whether any information is or is not "confidential" as defined above; (ii) to seek a further protective order; (iii) to exercise any right or raise any objection otherwise available under the rules of discovery or evidence; or (iv) by application and notice, to seek relief from any provision

of this Protective Order on any ground. During the pendency of any challenge to the applicability of this Protective Order to any document, information or thing, however, said document, information or thing shall remain subject to the provisions of this Protective Order.

  13. The Court, in its discretion, may impose sanctions upon any person who intentionally grants access to the confidential documents or information for any purpose other than the preparation, trial, or appeal of this case, or who otherwise violates the terms of this Order, including consequential damages, sanctions, costs, attorneys' fees and other appropriate relief.

  14. If the Parties, or any qualified person who is bound by the terms of this Protective Order, receive a document request or subpoena from any other person, party or entity seeking production of any of the Confidential Documents or the Sealed Documents, the Parties or the qualified person shall promptly notify the producing-party's counsel of the request in order to afford the producing-party's adequate opportunity to object, seek relief, or otherwise protect access to the Confidential Documents.

  15. The Parties have authorized their respective counsel of record to execute this Protective Order on their behalf, and the Parties and their respective counsel agree to be bound by the terms of this Protective Order.

  16. By their signature below, counsel for the Parties represent that they have explained the terms of this Protective Order to their respective clients and that they, and the Parties, agree to be bound by the terms of this Protective Order.

  Dated this 25th day of September, 2006.

                BY THE COURT:

                s/ Thomas D. Thalken
                United States Magistrate Judge