IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL D. BOYAN, an individual,      )<br>                                                          )<br>                    Plaintiff,            )<br>                                                          )     Case No. 8:06CV245<br>        v.                                           )<br>                                                          )<br>COVENTRY HEALTHCARE         )     MEMORANDUM AND ORDER<br>OF NEBRASKA, INC.,                   )<br>a Nebraska Corporation,              )<br>                                                          )<br>                    Defendant.        )<br>                                                          ) | |

This matter is before the court on defendant Coventry Healthcare of Nebraska, Inc.'s ("Coventry") motion to dismiss plaintiff Paul D. Boyan's ("Dr. Boyan") complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Filing No. 3.  Jurisdiction is proper under 28 U.S.C. § 1331, providing this court original jurisdiction over all civil actions arising under the Constitution and laws of the United States, and 29 U.S.C. § 1132(e), permitting this court exclusive jurisdiction over ERISA[1] actions.

Dr. Boyan, a resident of Douglas County, Nebraska, is a former employee of First Data Corporation ("First Data").  While he worked for First Data, Dr. Boyan obtained medical insurance benefits provided by Coventry, the HMO plan administrator.  At that time, Dr. Boyan allegedly suffered from right lower extremity pain for approximately two years beginning in spring 2000.  Dr. Boyan received FMLA leave from First Data beginning

---

[1]Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*

May 4, 2003, and ending August 4, 2003.[2]  Dr. Boyan underwent an MRI scan at Immanuel Medical Center on March 7, 2003.  In May 2003, at the Nebraska Spine Center, Dr. Patrick Bowman, M.D. ("Dr. Bowman") examined Dr. Boyan and his MRI scan and determined that Dr. Boyan had numerous problems with his spine, including sciatica of the right leg, disk herniation at the L5-S1 disk, as well as disk degeneration at the L4-5, L5-S1 disk.

Dr. Bowman discussed with Dr. Boyan that Dr. Boyan should consider surgery, discectomy at the L5-S1 or ALIF L5-S1 levels.  Dr. Boyan attended physical therapy and received advice that he should attempt conservative treatment, and that surgery would be an option if Dr. Boyan's symptoms continued without improvement.  Dr. Boyan met with Dr. Bowman on May 20, 2003, and they determined that spine surgery was Dr. Boyan's best option.  In his office notes from that date, Dr. Bowman reports that Dr. Boyan had adequate conservative treatment over an extended period of time.  Dr. Boyan scheduled his surgery for June 2, 2003, at Bergan Mercy Hospital.

Dr. Bowman subsequently contacted Dr. Boyan to inform Dr. Boyan that Coventry had not approved his surgery.  On May 23, 2003, Coventry sent Dr. Boyan a letter stating that it could not approve his surgery because of the requirement necessitating six months of physical therapy prior to surgery.[3]  Nebraska Spine Center processed a first-level appeal

---

[2]The court is not clear on the dates of Dr. Boyan's approved FMLA leave.  Dr. Boyan's brief in opposition to Coventry's motion to dismiss lists August 4, 2003, as the date through which Dr. Boyan received FMLA leave.  Filing No. 11.  Contained in Dr. Boyan's index of evidence in support of his brief is Dr. Boyan's affidavit wherein he states his FMLA leave was approved through July 31, 2003.  Filing No. 13, Attachment 4.  Dr. Boyan's supplemental brief in opposition reports Dr. Boyan's FMLA leave as through September 2003.  Filing No. 32.

[3]According to Dr. Boyan's complaint, he received notice of denial of his back surgery on or about May 29, 2004.  Dr. Boyan's brief in opposition to Coventry's motion to dismiss lists the date of Coventry's letter as May 23, 2003, and a copy of the purported letter submitted in Coventry's index of evidence in support of Coventry's motion to dismiss reflects the same date.  Filing No. 11; Filing No. 5, Attachment 5.

that Coventry denied.  According to Dr. Boyan, Coventry did not advise Dr. Boyan that he had the right to submit an appeal on his own behalf.  Dr. Boyan maintains it was his understanding any further appeals would only be accepted by Dr. Bowman or Nebraska Spine Center.  In approximately August 2003, Dr. Boyan received notice from Coventry that Coventry would authorize short-term physical therapy.  Dr. Boyan's employment benefits ended on October 29, 2003, the date First Data terminated Dr. Boyan's employment.[4]

Pursuant to ERISA, Dr. Boyan brought suit in this court alleging that Coventry utilized a wilfully deficient procedure in reviewing and ultimately denying his healthcare benefits (Claim I).  Additionally, Dr. Boyan maintains that Coventry led him to believe that his doctor's office was responsible for ensuring that the appropriate appeals were made; Coventry denied benefits clearly against the weight of the evidence submitted by Dr. Bowman and the Nebraska Spine Center; Coventry's denial of benefits ran contrary to Dr. Boyan's insurance plan and was based upon rules and protocol that were not disclosed to Dr. Boyan or the Nebraska Spine Center; Coventry created confusion about its willingness to continue coverage for Dr. Boyan's medical services; and Coventry led Dr. Boyan to believe that either his second-level appeal had been denied or that an appeal needed to be filed.

Dr. Boyan requests that this court enter judgment requiring Coventry to pay for Dr. Boyan's necessary surgery; enter a declaratory judgment against Coventry; interpret whether the surgery recommended by Dr. Bowman is medically necessary as defined

---

[4]This is the date Dr. Boyan alleges in his complaint.  Dr. Boyan's brief in opposition to Coventry's motion to dismiss reports September 17, 2003, as Dr. Boyan's date of termination.

under Dr. Boyan's former insurance plan; and determine whether Dr. Boyan received adequate notice that Coventry denied his request for surgery and whether he had been fully and appropriately advised of his appeal rights. Dr. Boyan further requests that this court order payment of Dr. Boyan's attorney fees pursuant to ERISA, litigation costs, and any other relief the court deems appropriate. Included in the caption of Dr. Boyan's complaint and marked on his civil cover sheet is Dr. Boyan's request for a jury trial. At the end of this memorandum and order, and on its own motion pursuant to Federal Rule of Civil Procedure 12(f), the court will address Dr. Boyan's jury trial request.

Under Federal Rule of Civil Procedure 12(b)(6), Coventry filed a motion to dismiss plaintiff's complaint with prejudice, alleging that Dr. Boyan failed to exhaust his administrative remedies, and is therefore precluded from asserting his action in federal court. Coventry alleges that Dr. Boyan's insurance plan (the "Plan") with Coventry required Dr. Boyan to exhaust two levels of appeal before he could pursue a civil action under ERISA. According to Coventry, Dr. Boyan admits he failed to follow the Plan when neither he nor Dr. Bowman processed a second-level appeal. Coventry further maintains that Dr. Boyan offers no legally recognized excuse for failure to exhaust administrative remedies in accordance with the Plan. Coventry argues that it informed both Dr. Boyan and Dr. Bowman that a second-level appeal must be submitted in writing and mailed to a specific address. Even if Dr. Boyan's phone call to Coventry constituted a second-level appeal, Coventry contends that Dr. Boyan's call was untimely as the call occurred thirty-four days after the first-level appeal decision, thereby placing it outside the thirty-day Plan requirement. Furthermore, Coventry maintains that this phone call did not amount to a

4

verbal complaint because Dr. Boyan contacted Coventry to advise them of his frustrations regarding his physical therapy.

Additionally, Coventry maintains no evidence exists supporting Dr. Boyan's contention that Coventry consistently denies requests for back surgery, or that Coventry's claims review process is improper or unreliable. Coventry states that Dr. Boyan received meaningful access to the Plan's review procedures and Dr. Boyan received all necessary information regarding such procedures in the denial letter. Coventry contends that Dr. Bowman and Nebraska Spine Center were aware Dr. Boyan had authorized Dr. Bowman's office to serve as his representative in any appeal procedures related to his surgery.

Dr. Boyan contends that this court should deny defendant's motion to dismiss, as there are no further remedies for Dr. Boyan to exhaust. Dr. Boyan argues that an appeal of a first and second level denial may be submitted in writing or verbally, and that Dr. Boyan did contact a Coventry representative to grieve denial of his surgery. This, Dr. Boyan maintains, constitutes his notice of second appeal. Dr. Boyan further argues the Plan contemplates a "Second Level Appeal Committee" that will convene within fifteen days of receiving the appeal, and permits a plan participant to appear before the committee to present the appeal. According to Dr. Boyan, nothing in the administrative record evidences that the Second Level Appeal Committee heard Dr. Boyan's case or that it made a decision. Therefore, Dr. Boyan contends there are not any additional administrative rights he can pursue.

Additionally, Dr. Boyan argues he is excused from exhausting administrative procedures under ERISA because it would be futile to do so. Dr. Boyan maintains that without completing Coventry's six months of physical therapy requirement, Dr. Boyan's

back surgery would never be medically necessary. Dr. Boyan contends Coventry refused to pay for physical therapy when he sought coverage for it in summer 2003. Furthermore, Dr. Boyan claims it would be impossible to complete the requisite six months of therapy prior to his termination. In support of his argument, Dr. Boyan states evidence exists that Coventry consistently denied requests for back surgery unless the claimant underwent six months of physical therapy, and that numerous complaints exist regarding Coventry's claims review process. Dr. Boyan requests the opportunity to conduct discovery regarding Coventry's internal processes for claim review, whether failure to follow internal procedures existed in Dr. Boyan's case, and the existence of testimony from Coventry officials regarding the futility of pursuing an administrative appeal.

Dr. Boyan further contends he has been denied meaningful access to the Plan's claims and review procedure. According to Dr. Boyan, a complaint may be presented to Coventry without a deadline for doing so. Dr. Boyan claims that Coventry's counsel sent Dr. Boyan's attorney a letter stating that Dr. Boyan failed to exhaust his administrative remedies and that Dr. Boyan is no longer entitled to exercise his appeal rights. Therefore, Dr. Boyan states that further appeal would be futile. Finally, Dr. Boyan contends that this court should allow him to engage in discovery as it relates to whether Dr. Bowman contacted Coventry after denial of Dr. Boyan's first appeal.

**Legal Standards**

    **A.**    **Federal Rule of Civil Procedure 12(b)(6)**

In reviewing a complaint on a Rule 12(b)(6) motion, the court must consider all of the facts alleged in the complaint as true, and construe the pleadings in a light most

favorable to the plaintiff. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). A dismissal is not granted lightly. "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). When accepting the facts of the complaint as true, a court will not "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (*citing Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Therefore, a dismissal under Rule 12(b)(6) is granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief," *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999), such as a missing allegation about an element necessary to obtain relief or an affirmative defense or other bar. *See generally Doe v. Hartz*, 134 F.3d 1339, 1341 (8th Cir. 1998).

**B.   ERISA**

"Congress enacted ERISA to protect the interests of participants in employee benefit plans and their beneficiaries by setting out substantive regulatory requirements for employee benefit plans and to provide for appropriate remedies, sanctions, and ready access to the Federal courts." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (*quoting* 29 U.S.C. § 1001(b)) (quotations and ellipses omitted). ERISA is primarily designed to "provide a uniform regulatory regime over employee benefit plans," and courts have been "especially 'reluctant to tamper with the enforcement scheme' embodied in the statute by extending remedies not specifically authorized by its text." *Id.*; *Great-West Life*

*& Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002) (*quoting Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985)) (brackets omitted).

A claimant is precluded from seeking relief in federal court if a claimant's ERISA benefits plan requires exhaustion and the claimant fails to exhaust administrative remedies. *Norris v. Citibank, N.A. Disablilty Plan (501)*, 308 F.3d 880, 884 (8th Cir. 2002). ERISA plan beneficiaries are required to exhaust their claims where there is notice of an available review procedure and no showing that exhaustion would be futile. *Wert*, 447 F.3d at 1065. "The standard for adjudging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made." *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 505 (6th Cir. 2004). Exhaustion may also be excused if there is a lack of meaningful access to review procedures. *Ruttenberg v. United States Life Ins. Co.*, 413 F.3d 652, 662 (7th Cir. 2005).

The doctrine of exhaustion of administrative remedies grants claim administrators an opportunity to correct errors, promote consistent treatment of claims, provide a non-adversarial dispute resolution process, and decrease claim resolution cost and time. *Wert v. Liberty Life Assur. Co. of Boston*, 447 F.3d 1060, 1066 (8th Cir. 2006). Additionally, exhaustion permits "an employer, or its plan, to obtain full information about a claim for benefits, to compile an adequate record, and to make a reasoned decision." *Back v. Danka Corp.*, 335 F.3d 790, 792 (8th Cir. 2003). Exhaustion offers the reviewing court a factual predicate upon which to proceed. *Back*, 335 F.3d at 792; *see also Stark v. PPM America, Inc.*, 354 F.3d 666, 671 (7th Cir. 2004) (noting "[e]xhaustion of plan remedies is favored because the plan's own review process may resolve a certain number of disputes; the facts and the administrator's interpretation of the plan may be clarified for the purposes

of subsequent judicial review; and an exhaustion requirement encourages private resolution of internal employment disputes") (internal quotations and citations omitted). Nevertheless, because ERISA does not explicitly require exhaustion, the doctrine is not jurisdictional; rather, it is a matter within the trial court's discretion. *Wert*, 447 F.3d at 1062; *Burds v. Union Pac. Corp.*, 223 F.3d 814, 817 (8th Cir. 2000); *see Watts v. BellSouth Telecomms.*, 316 F.3d 1203, 1207 (11th Cir. 2003) (characterizing the administrative exhaustion requirement as "a court-imposed, policy-based requirement"); *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004); *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir.1996).

> ERISA requires that every employee benefit plan
>
> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133(2) (2006); *Abram v. Cargill, Inc.*, 395 F.3d 882, 886 (8th Cir. 2005); 29 C.F.R. § 2560.503-1 (g) & (h)(1) & (2) (2007). Claims procedures are not deemed to provide a claimant a reasonable opportunity for a "full and fair review" unless they include sixty days in which to appeal, an opportunity to submit evidence, and access to all relevant documents and records. 29 C.F.R. § 2560.503-1(h)(2)(i)-(iii). Further, the claims procedures must "[p]rovide for a review that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination." *Id.*; § 2560.503-1(h)(2)(iv).

9

In regard to group health care claims, claims procedures must "[p]rovide for a review that does not afford deference to the initial adverse benefit determination and that is conducted by an appropriate named fiduciary of the plan who is neither the individual who made the adverse benefit determination that is the subject of the appeal, nor the subordinate of such individual." 29 C.F.R. § 2560.503-1(h)(3)(ii). Where a contractual review procedure exists in compliance with 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(f) and (g), exhaustion is required "so long as the employee has notice of the procedure, even if the plan, insurance contract, and denial letters do not explicitly describe the review procedure as mandatory or as a prerequisite to suit." *Wert*, 447 F.3d at 1063 (8th Cir. 2006). ERISA then permits a participant or beneficiary to pursue a civil action to recover benefits. 29 U.S.C. § 1132(a)(1)(B).

Courts employ the de novo standard to review a denial of benefits challenged under § 1132(a)(1)(B). *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Alliant Techsystems, Inc. v. Marks*, 465 F.3d 864, 868 (8th Cir. 2006). Decisions are reviewed for abuse of discretion, however, when the benefit plan provides the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Id.*

**Discussion**

The parties dispute many issues including whether a phone call constitutes a second-level appeal, whether a deadline exists for complaints or whether Dr. Boyan's alleged complaint was untimely, whether Dr. Bowman pursued a second-level appeal, and if he did not, whether such appeal would be futile. In his complaint, Dr. Boyan states that he has exhausted his administrative remedies. Accepting the facts alleged in the complaint

10

as true, as this court must do when assessing a motion to dismiss, the court finds that Dr. Boyan has pleaded the necessary elements for an ERISA claim. Any peradverture concerning Dr. Boyan's exhaustion of his Plan remedies remains an issue for determination at trial or summary judgment.

Turning now to Dr. Boyan's request for a jury trial, the court, on its own initiative, finds that ERISA governs Dr. Boyan's claims and therefore, Dr. Boyan is not entitled to a jury trial. *See Langlie v. Onan Corp.*, 192 F.3d 1137, 1141 (8th Cir. 1999) (there is no right to a jury trial under ERISA); *Houghton v. SIPCO*, 38 F.3d 953, 957 (8th Cir. 1994) (there is no right to a jury trial of ERISA claims); *In re Vorpahl*, 695 F.2d 318, 322 (8th Cir. 1982) (finding plaintiffs' 29 U.S.C. § 1132 claims were equitable in nature, a prayer for monetary relief in part did not require that the action be characterized as legal rather than equitable). Because the Eighth Circuit has concluded that claims under ERISA are equitable in nature and that no right to jury trial attaches to those claims, Dr. Boyan's demand for a jury trial is stricken pursuant to Rule 12(f), and this action will be tried to the court.

IT IS HEREBY ORDERED that defendant Coventry's motion to dismiss, Filing No. 3, is denied, and that plaintiff Dr. Boyan's jury demand shall be stricken from his complaint, Filing No. 1.

DATED this 10th day of January, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge